**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ABLE HOME HEALTH, LLC, on behalf of plaintiff and the class members defined herein, | ) ) ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MEDCARE MEDICAL GROUP, CO., and JOHN DOES 1-10, | ) ) |
| | ) |
| Defendants. | ) |

**COMPLAINT  – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE COUNTS**

**INTRODUCTION**

1.      Plaintiff Able Home Health, LLC brings this action to secure redress for the

actions of defendant Medcare Medical Group, Co.,  in sending or causing the sending of

unsolicited advertisements to telephone facsimile machines in violation of the Telephone

Consumer Protection Act, 47 U.S.C. §227 ("TCPA"),  the Illinois Consumer Fraud Act, 815

ILCS 505/2 ("ICFA"), and the common law.

2.      The TCPA expressly prohibits unsolicited fax advertising.  Unsolicited fax

advertising damages the recipients.  The recipient is deprived of its paper and ink or toner and the

use of its fax machine.  The recipient also wastes valuable time it would have spent on something

else.  Unsolicited faxes prevent fax machines from receiving and sending authorized faxes, cause

wear and tear on fax machines, and require labor to attempt to identify the source and purpose of

the unsolicited faxes.

## PARTIES

3.       Plaintiff Able Home Health, LLC is a limited liability company chartered under

Illinois law with offices in the Northern District of Illinois, where it maintains telephone

facsimile equipment.

4.       Defendant Medcare Medical Group, Co., is an Illinois corporation. Its registered

agent is Beatta Kabbani, 1873 Waukegan Rd, Glenview, Illinois 60025.

5.       John Does 1-10 are other natural or artificial persons that were involved in the

sending of the facsimile advertisements described below.  Plaintiff does not know who they are.

## JURISDICTION AND VENUE

6.       This Court has jurisdiction under 28 U.S.C. §§1331 and 1367.   *Mims v. Arrow*

*Financial Services, LLC*, 132 S. Ct. 740, 751-53 (2012);  *Brill v. Countrywide Home Loans, Inc.*,

427 F.3d 446  (7th Cir. 2005).

7.       Personal jurisdiction exists under 735 ILCS 5/2-209, in that defendants:

   a.       Have committed tortious acts in Illinois by causing the transmission of

            unlawful communications into the state.

   b.       Have transacted business in Illinois.

   c.       Are located in Illinois.

8.        Venue in this District is proper for the same reason.

## FACTS

9.       On January 30, 2018, Able Home Health, LLC received the unsolicited fax

advertisement attached as Exhibit A on its facsimile machine.

2

10.     Discovery may reveal the transmission of additional faxes as well.

11.     Defendant Medcare Medical Group, Co., is responsible for sending or causing the sending of the fax.

12.     Defendant Medcare Medical Group, Co., as the entity whose products or services were advertised  in the fax, derived economic benefit from the sending of the fax.

13.     Defendant Medcare Medical Group, Co., either negligently or wilfully violated the rights of plaintiff and other recipients in sending the faxes.

14.     Exhibit A refers to a website registered to and used by defendant Medcare Medical Group, Co.,

15.     Plaintiff had no prior relationship with defendant and had not authorized the sending of fax advertisements to plaintiff.

16.     The fax does not contain an "opt out" notice that complies with 47 U.S.C. §227.

17.     The TCPA provides for affirmative defenses of consent or an established business relationship.  Both defenses are conditioned on the provision of an opt out notice that complies with the TCPA.  *Holtzman v. Turza*, 728 F.3d 682 (7th Cir. 2013); *Nack v. Walburg*, 715 F.3d 680 (8th Cir. 2013).

18.     On information and belief, the fax attached hereto was sent as part of a mass broadcasting of faxes.

19.     On information and belief, defendant has transmitted similar unsolicited fax advertisements to at least 40 other persons in Illinois.

20.     There is no reasonable means for plaintiff or other recipients of defendant's unsolicited advertising faxes to avoid receiving illegal faxes.  Fax machines must be left on and

ready to receive the urgent communications authorized by their owners.

## COUNT I – TCPA

21.     Plaintiff incorporates ¶¶ 1-20.

22.     The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ..." 47 U.S.C. §227(b)(1)(C).

23.     The TCPA,  47 U.S.C. §227(b)(3), provides:

> **Private right of action.**
>
> **A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–**
>
> > **(A)  an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,**
> >
> > **(B)  an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or**
> >
> > **(C)  both such actions.**
>
> **If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.**

24.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.  Furthermore, plaintiff's statutory right of privacy was invaded.

25.     Plaintiff and each class member is entitled to statutory damages.

26.     Defendant violated the TCPA even if its actions were only negligent.

4

27.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

28.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with fax numbers (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), (c) were sent faxes by or on behalf of defendant Medcare Medical Group, Co., promoting its goods or services for sale (d) with respect to which defendant Medcare Medical Group, Co., did not have evidence of consent or an established business relationship prior to sending the fax.

29.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

30.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

        a.     Whether defendant engaged in a pattern of sending unsolicited fax advertisements;

        b.     The manner in which defendant compiled or obtained its list of fax numbers; and

        c.     Whether defendant thereby violated the TCPA.

31.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

32.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

33.     A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

34.     Numerous courts have certified class actions under the TCPA.  *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909 (N.D.Ill. Oct. 14, 2009), *aff'd in part, rev'd in part, vacated in part,* 728 F.3d 682 (7th Cir. 2013); *Ballard RN Center, Inc. v. Kohll's Pharmacy and Homecare, Inc.* 2015 IL 118644, 48 N.E.3d 1060; *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 544 (6th Cir. 2014); *In re Sandusky Wellness Center, LLC*, 570 Fed.Appx. 437, 437 (6th Cir. 2014); *Sandusky Wellness Center, LLC v. Medtox Scientific, Inc.*, 821 F.3d 992, 998 (8th Cir. 2016); *Sadowski v. Med1 Online, LLC,* No. 07 C 2973, 2008 WL 2224892 (N.D.Ill. May 27, 2008); *CE Design Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135 (N.D.Ill. 2009); *Targin Sign Systems, Inc. v. Preferred Chiropractic Center, Ltd.,* 679 F.Supp.2d 894 (N.D.Ill. 2010); *Garrett v. Ragle Dental Laboratory, Inc.,* No. 10 C 1315, 2010 WL 4074379 (N.D.Ill. Oct. 12, 2010); *Hinman v. M&M Rental Center, Inc.,* 545 F.Supp.2d 802 (N.D.Ill. 2008); *Clearbrook v. Rooflifters, LLC,* No. 08 C 3276, 2010 U.S.Dist. LEXIS 72902 (N.D.Ill. July 20, 2010) (Cox, M.J.); *G.M. Sign, Inc. v. Group C Communications, Inc.,* No. 08-cv-4521, 2010 WL 744262 (N.D.Ill. Feb. 25, 2010); *Kavu, Inc. v. Omnipak Corp.,* 246 F.R.D. 642 (W.D.Wash. 2007); *Display South, Inc. v. Express Computer Supply, Inc.,* 961 So.2d 451, 455 (La.App. 2007); *Display South, Inc. v. Graphics House Sports Promotions, Inc.,* 992 So.2d

510 (La.App. 2008); *Lampkin v. GGH, Inc.,* 146 P.3d 847 (Ok.App. 2006); *ESI Ergonomic*

*Solutions, LLC v. United Artists Theatre Circuit, Inc.,* 203 Ariz. 94, 50 P.3d 844 (2002); *Core*

*Funding Group, LLC v. Young,* 792 N.E.2d 547 (Ind.App. 2003); *Critchfield Physical Therapy v.*

*Taranto Group, Inc.,* 293 Kan. 285, 263 P.3d 767 (2011); *Karen S. Little, L.L.C. v. Drury Inns,*

*Inc.,* 306 S.W.3d 577 (Mo.App. 2010); *Lindsay Transmission, LLC v. Office Depot, Inc.,* No.

4:12-CV-221 (CEJ), 2013 WL 275568 (E.D.Mo. Feb. 24, 2013).

35. Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendant for:

      a.     Actual damages;

      b.     Statutory damages;

      c.     An injunction against the further transmission of unsolicited fax advertising;

      d.     Costs of suit;

      e.     Such other or further relief as the Court deems just and proper.

### COUNT II – ILLINOIS CONSUMER FRAUD ACT

36. Plaintiff incorporates ¶¶ 1-20.

37. Defendant engaged in unfair acts and practices, in violation of ICFA § 2, 815

ILCS 505/2, by sending unsolicited fax advertising to plaintiff and others.

38. Unsolicited fax advertising is contrary to the TCPA and also Illinois law. 720

ILCS 5/26-3(b) makes it a petty offense to transmit unsolicited fax advertisements to Illinois

residents.

39.     Defendant engaged in an unfair practice and an unfair method of competition by engaging in conduct that is contrary to public policy, unscrupulous, and caused injury to recipients of their advertising.

40.     Plaintiff and each class member suffered damages as a result of receipt of the unsolicited faxes, in the form of paper and ink or toner consumed as a result.

41.     Defendant engaged in such conduct in the course of trade and commerce.

42.     Defendant's conduct caused recipients of their advertising to bear the cost thereof. This gave defendant's an unfair competitive advantage over businesses that advertise lawfully, such as by direct mail.  For example, an advertising campaign targeting one million recipients would cost $500,000 if sent by U.S. mail but only $20,000 if done by fax broadcasting.  The reason is that instead of spending $480,000 on printing and mailing his ad, the fax broadcaster misappropriates the recipients' paper and ink.  "Receiving a junk fax is like  getting junk mail with the postage due".   Remarks of Cong. Edward Markey, 135 Cong Rec E 2549, Tuesday, July 18, 1989, 101st Cong. 1st Sess.

43.     Defendant shifting of advertising costs to plaintiff and the class members in this manner makes such practice unfair.  In addition, defendant's conduct was contrary to public policy, as established by the TCPA and Illinois statutory and common law.

44.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

45.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date three

years prior to the filing of this action, (c) were sent faxes by or on behalf of defendant Medcare

Medical Group, Co., promoting its goods or services for sale (d) with respect to which defendant

Medcare Medical Group, Co., did not have evidence of consent or an established business

relationship prior to sending the fax.

46.     The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

47.     There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members.  The predominant common questions

include:

> a.      Whether defendant engaged in a pattern of sending unsolicited fax
>
> advertisements; and
>
> b.      Whether defendant thereby engaged in unfair acts and practices, in
>
> violation of the ICFA.

48.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has

retained counsel experienced in handling class actions and claims involving unlawful business

practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not

to vigorously pursue this action.

49.     Plaintiff's claims are typical of the claims of the class members.  All are based on

the same factual and legal theories.

50.     A class action is the superior method for the fair and efficient adjudication of this

controversy.  The interest of class members in individually controlling the prosecution of

separate claims against defendant is small because it is not economically feasible to bring

individual actions.

51.     Management of this class action is likely to present significantly fewer difficulties

that those presented in many class actions, e.g. for securities fraud.

        WHEREFORE, plaintiff requests that the Court enter judgment in favor of

plaintiff and the class and against defendant for:

        a.      Appropriate damages;

        b.      An injunction against the further transmission of unsolicited fax

                advertising;

        c.      Attorney's fees, litigation expenses and costs of suit;

        d.      Such other or further relief as the Court deems just and proper.

### COUNT III – CONVERSION

52.     Plaintiff incorporates ¶¶ 1-20.

53.     By sending plaintiff and the class members unsolicited faxes, defendant

converted to its own use ink or toner and paper belonging to plaintiff and the class members.

54.     Immediately prior to the sending of the unsolicited faxes, plaintiff and the class

members owned and had an unqualified and immediate right to the possession of the paper and

ink or toner used to print the faxes.

55.     By sending the unsolicited faxes, defendant appropriated to their own use the

paper and ink or toner used to print the faxes and used them in such manner as to make them

unusable.  Such appropriation was wrongful and without authorization.

56.     Defendant knew or should have known that such appropriation of the paper and

ink or toner was wrongful and without authorization.

57.     Plaintiff and the class members were deprived of the paper and ink or toner, which could no longer be used for any other purpose.   Plaintiff and each class member thereby suffered damages as a result of receipt of the unsolicited faxes.

58.     Defendant should be enjoined from committing similar violations in the future.

## CLASS ALLEGATIONS

59.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five years prior to the filing of this action, (c) were sent faxes by or on behalf of defendant Medcare Medical Group, Co., promoting its goods or services for sale (d) with respect to which defendant Medcare Medical Group, Co., do not have evidence of consent or an established business relationship prior to sending the fax.

60.     The class is so numerous that joinder of all members is impractical.  Plaintiff alleges on information and belief that there are more than 40 members of the class.

61.     There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  The predominant common questions include:

a.     Whether defendant engaged in a pattern of sending unsolicited fax
       advertisements; and

b.     Whether defendant thereby converted the property of plaintiff.

62.     Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices.  Neither plaintiff nor plaintiff's counsel have any interests which might cause them not

11

to vigorously pursue this action.

63.　　Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

64.　　A class action is the superior method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

65.　　Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

　　　　WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

　　　　　　a.　　Appropriate damages;

　　　　　　b.　　An injunction against the further transmission of unsolicited fax advertising;

　　　　　　c.　　Costs of suit;

　　　　　　d.　　Such other or further relief as the Court deems just and proper.

## COUNT IV – TRESPASS TO CHATTELS

66.　　Plaintiff incorporates ¶¶ 1-20.

67.　　Plaintiff and the class members were entitled to possession of the equipment they used to receive faxes.

68.　　Defendant's sending plaintiff and the class members unsolicited faxes interfered with their use of the receiving equipment and constitutes a trespass to such equipment.  *Chair*

*King v. Houston Cellular*, 95cv1066, 1995 WL 1693093 at *2 (S.D. Tex. Nov. 7, 1995) (denying

a motion to dismiss with respect to plaintiff's trespass to chattels claim for unsolicited faxes),

vacated on jurisdictional grounds 131 F.3d 507 (5th Cir. 1997).

69.     Defendant acted either intentionally or negligently in engaging in such conduct.

70.     Plaintiff and each class member suffered damages as a result of receipt of the

unsolicited faxes.

71.     Defendant should be enjoined from continuing trespasses.

## CLASS ALLEGATIONS

72.     Pursuant to Fed.R.Civ.P. 23(a) and (b)(3), plaintiff brings this claim on behalf of

a class, consisting of (a) all persons with Illinois fax numbers (b) who, on or after a date five

years prior to the filing of this action, (c) were sent faxes by or on behalf of defendant Medcare

Medical Group, Co., promoting its goods or services for sale (d) with respect to which defendant

Medcare Medical Group, Co., did not have evidence of consent or an established business

relationship prior to sending the fax.

73.     The class is so numerous that joinder of all members is impractical.  Plaintiff

alleges on information and belief that there are more than 40 members of the class.

74.     There are questions of law and fact common to the class that predominate over

any questions affecting only individual class members.  The predominant common questions

include:

        a.      Whether defendant engaged in a pattern of sending unsolicited fax

                advertisements; and

        b.      Whether defendant thereby committed a trespass to chattels.

75. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

76. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

77. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendant is small because it is not economically feasible to bring individual actions.

78. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

      a.     Appropriate damages;

      b.     An injunction against the further transmission of unsolicited fax advertising;

      c.     Costs of suit;

      d.     Such other or further relief as the Court deems just and proper.

s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

### NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.


s/ Daniel A. Edelman
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

16